[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10335
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00621-RH-CAS

HALA M. FARID,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,
in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 28, 2015)

Before TJOFLAT, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Hala Farid appeals *pro se* the summary judgment in favor of her employer, the Postmaster General of the United States Postal Service, and against her amended complaint of discrimination based on her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), and based on a disability in violation of the Rehabilitation Act, 29 U.S.C. § 794, and of retaliation for engaging in protected activities in violation of Title VII, 42 U.S.C. § 2000e-3(a). Farid argues that material disputes of fact exist about whether she was denied promotions, mispaid, required to complete extra duties, and blamed for wrongdoing because she is white and Egyptian; whether she was disciplined because of her disability; and whether she was retaliated against for filing a charge of discrimination. We affirm.

We review *de novo* a summary judgment and view all evidence in the light most favorable to the non-moving party. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263 (11th Cir. 2010). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

We review claims of discrimination and retaliation based on circumstantial evidence using the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *Alvarez*, 610 F.3d at 1264. Under that framework, an employee must establish a prima facie

2

case of discrimination or retaliation, which creates a rebuttable presumption that the employer has acted unlawfully. *Id.* The employer can rebut the presumption by proffering a legitimate reason for its conduct. *Id.* If the employer provides a legitimate reason, the employee must prove that the reason is a pretext for discrimination or retaliation. *Id.*

The district court did not err when it entered summary judgment against Farid's complaint of discrimination based on her race and national origin. Farid failed to establish a prima facie case that she was denied promotions because of her ethnicity. *See id.* As the district court stated, Farid did not identify what "position" she sought, whether she was qualified for the position, whether she was similarly situated to "the person who obtained the position," or what "difference obtaining the position . . . would have made to [her] in pay or other terms and conditions of employment." With respect to Farid's claim about pay errors, she failed to establish that the legitimate reasons the Postmaster proffered for the miscalculations were pretextual. *See Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1308 (11th Cir. 2007). Undisputed evidence established that "[e]rrors in pay processing for rural carriers associates like" Farid were attributable to the varied methods used to record "work in different offices and . . . [for] different routes"; Farid was overpaid once and the agency made an "adjustment" to remedy the error; and the Service compensated Farid for underpayments.

3

Farid also failed to establish a prima facie case of a hostile work environment. *See McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008). Farid was required for one week to examine postal vehicles, was erroneously blamed for injuring herself, and received warning letters twice for obstructing her coworkers' parking spaces, but those "sporadic and isolated" incidents did not affect Farid's position with the Postal Service. *See id.* at 1379.

The district court also did not err when it entered summary judgment against Farid's complaint of discrimination based on a disability. Farid failed to establish that she had an impairment that constituted a disability when the Postmaster asked her to resume her full time duties as a mail carrier in January 2010. *See Cash v. Smith*, 231 F.3d 1301, 1306 (11th Cir. 2000). Farid submitted a doctor's report that restricted her from "driving with [a] headache" and carrying heavy items, but Farid offered no evidence that the restrictions "substantially limit[ed] one or more of [her] major life activities." *See* 42 U.S.C. § 12102(1)(A); *see also* 34 C.F.R. § 104.3(j)(1). And, even if we were to assume that Farid was disabled, she could not establish a prima facie case of discrimination because the Postmaster fully accommodated her requests for different work assignments. *See Sutton v. Lader*, 185 F.3d 1203, 1207 (11th Cir. 1999). When Farid opposed resuming full time duties, the Postmaster offered her a position to deliver mail "as needed [within her] limitations" without having to "lift[] more than 10 pounds" or "driv[e] with a

4

reported headache." At Farid's request, the Postmaster further modified her position to relieve her of "delivery duties."

The district court also did not err by entering summary judgment against Farid's complaint of retaliation. Farid failed to establish a prima facie case because she presented no evidence of a materially adverse employment action that was causally connected to a protected activity. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993). Farid's allegations about being underpaid and mistreated by her supervisors between 2005 and 2009 were not retaliatory because they predated the filing of her charge of discrimination in April 2010. Although Farid was required to examine vehicles for one week, was blamed errantly for injuring herself, and received warnings for blocking parking spots, those actions were not materially adverse because they did not "affect the terms and conditions of [Farid's] employment." *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64, 126 S. Ct. 2405, 2412–13 (2006). Farid also alleged that she was instructed not to touch the telephone or to perform clerical duties in retaliation for her charge of discrimination, but the Postmaster presented undisputed evidence that limited-duty employees like Farid were prohibited from performing clerical duties because of a dispute with the postal workers' union.

We **AFFIRM** the summary judgment in favor of the Postmaster.

5